**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Clyde Brown, | No. CV 1-08-1116-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| D. Adams, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion Requesting Protection from Correctional Officer Womack. (Doc. # 36) Plaintiff alleges that Defendant Correctional Officer Womack verbally threatened him three times between October 28, 2009, and November 5, 2009. Plaintiff requests that the Court issue a "restraining order that C/O Womack must not come within 120 yd." of Plaintiff. Plaintiff describes the threats as follows: "Brown you need to find your way out of here. I don't want you in this building"; ""Brown has [] a problem, he needs to get out of here"; "Brown will ejaculate on you, ya he did it before."

First, even if the Court were to construe these statements as "[v]erbal harassment or abuse," such "is not sufficient to state a constitutional deprivation," Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979), and therefore does not warrant the relief sought by Plaintiff. Second, according, to

1 Plaintiff's account, the last event occurred on November 5, 2009, almost three months prior
2 to his filing the instant motion. It therefore appears that the objected-to conduct has ceased,
3 rendering Plaintiff's request for a restraining order moot.

4 Plaintiff further alleges that on November 13, 2009, he "notice[d] portions of [his]
5 breakfast meal [were] smaller than usual" and that from November 14, 2009 until January
6 2010, he "was missing an item each day" from his lunch. First, if Plaintiff is suggesting that
7 Correctional Officer Womack was somehow involved in this alleged deprivation, he makes
8 makes no allegation in this regard. Next, if Plaintiff is claiming a constitutional deprivation
9 because he perceived that his meals were smaller, only allegations of insufficient calories for
10 a long period of time are sufficient to state a claim. LeMaire v. Maass, 121 F.3d 1444, 1456
11 (9th Cir. 1993). The Eighth Amendment requires only that prisoners receive food that is
12 adequate to maintain health. Id.

13 If Plaintiff is suggesting that the alleged verbal assaults and reduction in food are
14 retaliation for his filing the instant lawsuit, he must bring such a claim in a separate suit.

15 Plaintiff also requests that the Court "[o]rder C.P.S. Corcoran Warden D. Adams to
16 ensure [his] meaningful access to the law library . . . ." The right of meaningful access to the
17 courts prohibits state officials from actively interfering with an inmate's attempt to prepare
18 or file legal documents. Lewis v. Casey, 518 U.S. 343, 350 (1996). That right, however,
19 only encompasses the ability to bring petitions or complaints to federal court and not to
20 discover or even effectively litigate such claims once filed with a court. Id. at 354; see also
21 Cornett v. Donovan, 51 F.3d 894, 899 (9th Cir. 1995) ("The right of access is designed to
22 ensure that a habeas petition or civil rights complaint of a person in state custody will reach
23 a court for consideration.") The right "guarantees no particular methodology but rather, the
24 conferral of a capability--the capability of bringing contemplated challenges to sentences or
25 conditions of confinement before the courts." Lewis, 518 U.S. at 356. Further, the denial
26 of access to a paralegal or use of a law library is not actionable if there is no claim of
27 prejudice to an existing or future legal action. Id. at 351-53. That is, an inmate must
28 establish that he suffered an "actual injury" from the denial of access to a paralegal or a law

library.  See Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994).  An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim."  Lewis, 518 U.S. at 348.  In other words, a plaintiff must allege facts to support that a defendant's conduct prevented him from bringing to court a non-frivolous claim that he wished to present. Id. at 351-53.  Here, Plaintiff fails to allege such facts, and therefore the Court will deny his request.

Accordingly, based on the foregoing,

**IT IS ORDERED** denying Plaintiff's Motion Requesting Protection from Correctional Officer Womack.  (Doc. # 36)

DATED this 1st day of June, 2010.

_____
Mary H. Murgula
United States District Judge