**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Clyde Brown,<br><br>        Plaintiff,<br><br>vs.<br><br>D. Adams, et al.,<br><br>        Defendant. | No. 1:08-CV-01116-PHX-MHM<br><br>**ORDER** |

Currently before the Court are several motions filed by Plaintiff, including Plaintiff's Motion for Summary Judgment. (Doc. 45). After reviewing the parties' briefs and the relevant law, the Court issues the following order.

**I.     BACKGROUND**

Plaintiff, Clyde Brown, is currently an inmate at Corcoran State Prison in Corcoran, California. Plaintiff initiated this action on August 1, 2008, alleging that on or about August 26, 2007, he was assaulted by Defendant Womack, a corrections officer, while being transferred to a holding cell. (Doc. 1). Plaintiff alleges that during the assault, Womack twisted Plaintiff's arm, slammed Plaintiff into a metal box inside the cell, and forcefully applied his elbow to Plaintiff's back, causing severe pain. (Doc. 45). Plaintiff asserts that the alleged assault violated his Eighth Amendment right to protection against the use of excessive physical force. See Hudson v. McMillian, 503 U.S. 1, 6 (1992).

## II. STANDARD OF REVIEW

Summary judgment is appropriate only when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of establishing the absence of any genuine issue of material fact; the moving party must present the basis for its summary judgment motion and identify those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, (1986); Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001).

A material fact is one that might affect the outcome of the case under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In addition, in order to preclude summary judgment, a dispute about a material fact must also be "genuine," such that a reasonable jury could find in favor of the non-moving party. Id.; Anheuser-Busch, Inc. v. Natural Beverage Distrib., 69 F.3d 337, 345 (9th Cir. 1995). In determining whether the moving party has met its burden, the Court views the evidence in the light most favorable to the nonmovant. Allen v. City of Los Angeles, 66 F.3d 1052, 1056 (9th Cir. 1995). The Court may not make credibility determinations or weigh conflicting evidence. Musick v. Burke, 913 F.2d 1390, 1394 (9th Cir. 1990). Further, the Court must draw all reasonable inferences in favor of the nonmovant. Gibson v. County of Washoe, 290 F.3d 1175, 1180 (9th Cir. 2002).

If the moving party meets its burden with a properly supported motion for summary judgment, then the burden shifts to the nonmoving party to present specific facts that show there is a genuine issue for trial. Fed.R.Civ.P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986). The nonmovant may not rest on bare allegations or denials in his pleading, but must set forth specific facts, by affidavit or as otherwise provided by Rule 56, demonstrating a genuine issue for trial. Fed.R.Civ.P. 56(e); Anderson, 447 U.S. at 248-49. Conclusory allegations, unsupported by factual material, are insufficient to defeat

1  a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

2  In sum, the question on motion for summary judgment is whether the evidence
3  "presents a sufficient disagreement to require submission to a jury or whether it is so
4  one-sided that one party must prevail as a matter of law." Anderson, 447 U.S. at 251–52.
5  A district court is not required to probe the record in search of a genuine issue of triable fact.
6  Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmovant has the burden of
7  identifying with reasonable particularity the evidence that precludes summary judgment. Id.;
8  see Carmen v. San Francisco Unified School District, 237 F.3d 1026, 1028-29 (9th Cir. 2001)
9  (even if there is evidence in the record that creates a genuine issue of material fact, a district
10 court may grant summary judgment if the opposing party's papers do not include or
11 conveniently refer to that evidence). The mere existence of a scintilla of evidence supporting
12 the nonmovant's petition is insufficient; there must be evidence from which a trier of fact
13 could reasonably find for the nonmovant. Id. at 252; see Matsushita Elec., 475 U.S. at 586
14 (nonmovant's showing of "some metaphysical doubt" as to material facts insufficient to
15 defeat summary judgment).

16 Because this case involves the alleged use of excessive force by a corrections officer,
17 the core inquiry is "whether force was applied in a good-faith effort to maintain or restore
18 discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6.

19 **III.  DISCUSSION**

20 The central issue of fact disputed by the parties is whether the alleged assault on
21 Plaintiff actually took place. Thus, to the extent that Plaintiff's claim of excessive force is
22 predicated on the existence of the assault, the disputed fact is certainly material. See
23 Anderson, 477 U.S. at 248.

24 In support of his motion, Plaintiff submitted two affidavits, each providing specific
25 facts about the alleged assault. Plaintiff's own affidavit states that he was "attacked with
26 abusesive [sic] force after being slammed into the bar box, by [Officer] Womack." (Doc. 45
27 at 6). Similarly, an affidavit prepared by Davis, another inmate, states that he saw Officer
28 Womack "slam [Plaintiff] against the unlock [sic] tier box." (Doc. 38 at 5). In light of these

1 affidavits, Plaintiff has met his initial burden of showing that there is no genuine issue of
2 material fact. See Celotex, 477 U.S. at 323. Accordingly, the burden shifts to Womack to
3 demonstrate that there is a genuine issue of material fact for trial. See Matsushita Elec., 475
4 U.S. at 586.

5 In his reply brief, Womack argues that there is a genuine issue of material fact as to
6 whether he actually used force against Plaintiff. (Doc. 47 at 4). To support that contention,
7 Womack has submitted an affidavit of his own in which he states that he "did not use any
8 force against [Plaintiff]" during the escort on August 28, 2007. (Doc. 47-2 at 3). Because the
9 Court must draw all reasonable inferences in favor of Womack, his sworn affidavit alleging
10 that no assault ever took place "present[s] specific facts that show there is a genuine issue for
11 trial." See Matsushita Elec., 475 U.S. at 586.

12 Based on the limited record before it, the Court must conclude that a genuine issue of
13 material fact exists as to whether Officer Womack assaulted Plaintiff. Although Plaintiff met
14 his initial burden, Officer Womack's sworn affidavit injects sufficient uncertainty into the
15 case as to preclude summary judgment. See Matsushita Elec., 475 U.S. at 586. Accordingly,
16 Plaintiff's Motion for Summary Judgment is denied.

17 **IV.    CONCLUSION**

18 For the reasons set forth above, the Court finds that Plaintiff is not entitled to
19 summary judgment.

20 **Accordingly,**

21 **IT IS ORDERED**, denying Plaintiff's Motion for Summary Judgment. (Doc. 45).

22 Also pending before the Court is Plaintiff's Motion for Order Compelling Discovery,
23 Production of Documents. (Doc. 55) In this motion, Plaintiff requests that the Court compel
24 Defendant to respond to Brown's first and second set of requests for production of
25 documents, interrogatories 22-25, and requests for admissions 2-6. In his Response,
26 Defendant contends that because he provided Plaintiff with all responsive documents in his
27 possession, custody and control, his responses complied with Federal Rule of Civil Procedure
28 34(a) and thus he cannot be compelled to produce anything further. With respect to

1 interrogatories 22 - 25, Defendant argues that he answered these based upon his personal
2 knowledge and the information available to him, and because he has no additional
3 information to supplement his responses, his responses are complete. See Fed. R. Civ. P.
4 33(b)(3). With respect to requests for admissions 2 - 6, Defendant maintains that he properly
5 responded to these requests by either admitting, denying, or objecting and stating that after
6 a reasonable inquiry, he was without sufficient information to admit or deny. See Federal
7 Rule of Civil Procedure 36(a). It therefore appears that Defendant has responded to
8 Plaintiff's discovery requests in compliance with the Federal Rules of Civil Procedure.
9 Plaintiff's belief that some of Defendant's responses are "false" or "evasive" does not
10 provide a sufficient basis to compel further discovery. Accordingly,

11 **IT IS FURTHER ORDERED** denying Plaintiff's Motion for Order Compelling
12 Discovery, Production of Documents. (Doc. 55)

13 Plaintiff has filed a Motion for Appointment of Counsel on the basis that he "cannot
14 afford to employ the services of an attorney in [this] matter." (Doc. 58) However, there is
15 no constitutional right to appointment of counsel in a civil case. See Ivey v. Board of
16 Regents of University of Alaska, 673 F.2d 266 (9th Cir. 1982). The appointment of counsel
17 in a civil rights case is required only when exceptional circumstances are present. Aldabe
18 v. Aldabe, 616 F.2d 1089 (9th Cir. 1980); Wilborn v. Escalderon, 789 F.2d 1328 (9th Cir.
19 1986). "A finding of exceptional circumstances requires an evaluation of both 'the
20 likelihood of success on the merits [and] the ability of the petitioner to articulate his claims
21 *pro se* in light of the complexity of the legal issues involved.'" Wilborn, 789 F.2d at 1331
22 (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The Court must review both
23 of these factors together in deciding whether or not to appoint counsel. Id.

24 The Court finds this action presents no "exceptional circumstances" requiring the
25 appointment of counsel at this time. Plaintiff is in no different a position than other *pro se*
26 litigations who have brought nearly identical claims. Accordingly,

27 **IT IS FURTHER ORDERED** denying Plaintiff's Motion for Appointment of
28 Counsel without prejudice at this time. (Doc. 58)

1    Plaintiff has also filed a Request (Motion) for a Joint Proposed Pretrial Order
2 Negotiation Conference and Pretrial Conference for Settlement (Doc. 59), as well as a
3 Pretrial Order Proposal, which Plaintiff incorrectly styles as a "motion" (Doc. 60).
4 Defendant subsequently filed a Pretrial Order, which he states "is submitted by Defendant
5 Womack only" because "Brown refused to complete his portion of the pretrial order." (Doc.
6 61, Ex. A, Arthur Decl.)

7    In its January 20, 2010 Rule 16 Scheduling and Discovery Order, the Court explicitly
8 ordered the parties to lodge a <u>Joint</u> Proposed Pretrial Order by December 29, 2010. (Doc.
9 33 ¶ 12)  The Court warns Plaintiff that he needs to comply with all orders of the Court.
10 Accordingly, the Court will give Plaintiff another opportunity to cooperate with Defendant
11 and <u>lodge</u> a <u>Joint</u> Proposed Pretrial Report within 30 days of the filing of this order,
12 following the ususal procedures, which do not include a face-to-face conference. Therefore,

13    **IT IS FURTHER ORDERED** directing the parties to lodge a Joint Proposed Pretrial
14 Order within 30 days of the filing of this order.

15    **IT IS FURTHER ORDERED** striking Plaintiff's Pretrial Order Proposal. (Doc. 60)

16    **IT IS FURTHER ORDERED** denying Plaintiff's Request (Motion) for a Joint
17 Proposed Pretrial Order Negotiation Conference. (Doc. 59)

18    **IT IS FURTHER ORDERED** directing Defendant to respond to Plaintiff's request
19 for a settlement conference within 14 days of the filing of this order.

20    DATED this 31st day of March, 2011.

Mary H. Murguia
United States District Judge