IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Clyde Brown,<br><br>       Plaintiff,<br><br>vs.<br><br>D. Adams, et al.,<br><br>       Defendants. | No. CV 1-08-1116-MHM<br><br>**ORDER** |

Pending before the Court are Plaintiff Clyde Brown's Request (Motion) for Appointment of Counsel (Doc. 74) and Defendant Womack's Response to Plaintiff's Objections to Defense Witnesses (Doc. 77). The Court will address each in turn.

I. **Motion for Appointment of Counsel**

Plaintiff has filed a Motion for Appointment of Counsel (Doc. 74). There is no constitutional right to appointment of counsel in a civil case. See Ivey v. Board of Regents of University of Alaska, 673 F.2d 266 (9th Cir. 1982). The appointment of counsel in a civil rights case is required only when exceptional circumstances are present. Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980); Wilborn v. Escalderon, 789 F.2d 1328 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Wilborn, 789 F.2d at 1331 (quoting Weygandt v.

1 Look, 718 F.2d 952, 954 (9th Cir. 1983)). The Court must review both of these factors
2 together in deciding whether or not to appoint counsel. Id.

3     The Court finds this action presents no "exceptional circumstances" requiring the
4 appointment of counsel at this time. Plaintiff is in no different a position than other *pro se*
5 litigations who have brought nearly identical claims and the reason provided by Plaintiff does
6 not warrant the appointment of counsel. Accordingly, the Court will deny without prejudice
7 Plaintiff's Motion for Appointment of Counsel.

8 **II.    Defendant's Response to Plaintiff's Objections to Defense Witnesses**

9     During the July 6, 2011 status conference, Plaintiff objected to three of Defendant's
10 witnesses, A. Valdez, L. Mesa, and J. Problete, on the grounds that Defendant failed to
11 properly disclose these witnesses in accordance with the Court's January 20, 2010
12 Scheduling and Discovery Order, which required all initial disclosures as defined in Rule
13 26(a) of the Federal Rules of Civil Procedure to be disclosed by February 22, 2010. (Doc.
14 33). Pursuant to the Court's order at the status conference, Defendant filed a Response to
15 Plaintiff's Objections to Defense Witnesses (Doc. 77), demonstrating that A. Valdez was
16 properly disclosed as a witness on February 16, 2010. Accordingly, the Court will permit
17 A. Valdez to testify at trial. The Court will sustain Plaintiff's objection to witnesses L. Mesa,
18 and J. Problete.

19     Based on the foregoing,

20     **IT IS ORDERED** denying without prejudice Plaintiff's Motion for Appointment of
21 Counsel. (Doc. 74)

22     **IT IS FURTHER ORDERED** permitting Defendant's witness, A. Valdez, to testify
23 at trial.

24     **IT IS FURTHER ORDERED** directing Defendant to comply with the disclosure
25 requirements of Federal Rule of Civil Procedure 26(a)(1)(A)(i) with respect to witness A.
26 Valdez if Defendant has not already done so.

27 ///

28 ///

1   **IT IS FURTHER ORDERED** denying Plaintiff's Motion for Sanction for Failure
2   to Disclose Defense Witnesses. (Doc. 76)

5   DATED this 29th day of July, 2011.

_____
Mary H. Murguia
Circuit Judge
Designated as United States District Judge