IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

Clyde Brown,

    Plaintiff,

vs.

Warden D. Adams, et al.,

    Defendants.
_____/

No. 1:08-CV-1116-MHM

**ORDER**

    Plaintiff is a prisoner who is proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.

    This case will be referred to Magistrate Judge Nandor J. Vadas to conduct a settlement conference at Pelican Bay State Prison, on September 30, 2011 at 10:00 a.m.

    Accordingly, IT IS HEREBY ORDERED that:

    1. This case is set for a settlement conference before Magistrate Judge Nandor J. Vadas on September 30, 2011, at 10:00 a.m. at Pelican Bay State Prison.

    2. Defendants' lead counsel and a person with full and unlimited authority to

1  negotiate and enter into a binding settlement on defendants' behalf shall attend in person.[1]

2        3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

      4. The parties are directed to provide confidential settlement conference statements to the Honorable Nandor J. Vadas, U.S. District Court-Northern District of California, 514 H Street, Eureka, CA 95502 or via email at NJVpo@cand.uscourts.gov, so that they arrive no later than September 26, 2011.

      5. The Clerk of the Court is directed to serve a copy of this order on the Litigation Office at Pelican Bay State Prison via facsimile at (707) 465-9099.

Dated this 16th day of September, 2011

_____
Mary H. Murguia
US Circuit Judge designated as District Judge

---

[1] The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F. 3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).